**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
ross@kazlg.com

*Attorneys for Plaintiff and Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DOYLE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>-against-<br><br>GOHEALTH, LLC.<br><br>       Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

 Plaintiff Robert Doyle ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant GOHEALTH, LLC ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

 1. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without their consent in violation of the TCPA. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

2.     Defendant made an unauthorized telephone call to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for the purpose of soliciting business from Plaintiff.

3.     The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

4.     In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited artificial and prerecorded voice phone calls as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

5.     Plaintiff is a citizen of New Jersey and currently resides in Morris County, New Jersey.

6.     Upon information and belief, Defendant is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business at 214 West Huron Street, Chicago, Cook County, Illinois 60654.

7.     Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

9.     The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11.     Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## LEGAL BASIS FOR THE CLAIMS

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems–principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

14.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-

recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

15.     Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

16.     As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

---

[1]     Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

17.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

18.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

19.     With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015).  "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.*  Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

20.     Defendant sells health insurance to consumers throughout the country, including within this District.

21.     In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls with

5

an artificial and/or pre-recorded message without the prior express written consent of the call recipients.

22.     Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class.

23.     Additionally, upon information and belief, based upon the number of lawsuits filed against Defendant, it has also intentionally and repeatedly violated the TCPA.

## FACTUAL BACKGROUND AS TO PLAINTIFF

24.     At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in 0075 ("Cell").

25.     Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

26.     Plaintiff's Cell is assigned to his personal cellular telephone.

27.     At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell number to Defendant through any medium.

28.     At no time did Plaintiff ever enter in a business relationship with Defendant.

29.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes.

30.     At 8:10 a.m. on November 22, 2022, Plaintiff received a call to his Cell from 786-832-3669 with a pre-recorded message, as defined by 47 U.S.C. § 227(a)(1).

31.     The recording stated: "this is Stan from medicare benefits."

32.     Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

33.     After the pre-recorded message was played, an agent, calling himself "Robert," appeared on the telephone line.

34.     Curious about why the caller was contacting Plaintiff and eager to learn the identify the company to stop these harassing calls, Plaintiff provided the telemarketer with the name "Jason Browne" and zip code of 33027.

35.     Robert did not provide Plaintiff with the identity of the company.

36.     Rather, Robert asked Plaintiff if he could connect him to a licensed insurance agent.

37.     Once again, Plaintiff wanted to know the identity of the company and thus, Plaintiff said "yes" to this inquiry.

38.     Plaintiff was then connected to a woman named "Candace."

39.     Candace stated that she was in the Carolinas but originally from Connecticut.

40.     Then, Candance played a recording that asked Plaintiff to agree to override telemarketing laws as well as the do not call list.

41.     The recording indicated that Plaintiff should "press 1 to agree."

42.     Plaintiff listened to the recording but did not press 1, nor anything else.

43.     Candace then played the recording again, but Plaintiff did not press anything.

44.     Finally, Candace told Plaintiff that she was calling from "GoHelath.com" and wanted to discuss Medicare related insurance policies.

45.     Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

46.     When Plaintiff listened to the message at the outset of the call, Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to

any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

47.     It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

48.     Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages, and Plaintiff can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

49.      Based on the Plaintiff's own personal experience, the voice message received from Defendant clearly sounded like a pre-recorded voice message.

## LEGAL CLAIMS

50.     Defendant's calls to Plaintiff's Cell were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

51.     Plaintiff did not provide Defendant "prior express written consent" to receive telemarketing calls to his cellular telephone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

52.     Plaintiff also did not provide regular "prior express consent" to receive any prerecorded call from Defendant.

53.     The unwanted telephone call Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

54.     Plaintiff has reason to believe that Defendant has called thousands of wireless telephone customers with pre-recorded messages to market its products and services without prior express written consent and/or after consumers revoked their consent in a reasonable manner.

55.     A search of Defendant reveals several TCPA lawsuits and class actions complaining of unsolicited marketing calls.

56.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

57.     On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which are defined is follows:

> All persons within the United States who received any telephone call/s from Defendant, its employees and/or agents, for the purpose promoting Defendant's goods or services, to said person's cellular telephone made through the use of an artificial or prerecorded voice and such person had not previously consented in writing to receiving such calls within the four years prior to the filing of this action.

59.     Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

60.     Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones using an artificial and/or pre-recorded voice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

61.     The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable.  Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.

62.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

63.     Common questions for the Class include, without limitation:

a.     Whether Defendant placed marketing calls to cellular telephone numbers during the proposed class period;

b.     Whether Defendant made phone calls to consumers using an artificial or pre-recorded voice to any telephone number assigned to a cellular phone service;

c.     Whether Defendant's conduct violated the TCPA;

d.     Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

e.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

64.     Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff received from Defendant or its agent at least one pre-recorded call for marketing purposes without prior express written consent.  Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

65.     Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

66.     Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

67.     This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

68.     Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

69.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

70.     The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

71.     Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

72.     Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

73.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST COUNT
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

74.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

75.     Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

76.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

77.     Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

78.     Defendant's conduct invaded Plaintiff's privacy.

79.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

80.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

81.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

82.     At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

83.     Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

84.     Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

85.     Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

86.     As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

a.     An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel.

b.     On the First Count, an award of actual or statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and

injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

        c.      On the Second Count, an award trebling the actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

        d.      Costs of suit;

        e.      Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

        f.      Pre-judgment and post-judgment interest on monetary relief; and

        g.      All other and further relief as the Court deems necessary, just, and proper.

Dated: June 27, 2022

                **KAZEROUNI LAW GROUP A.P.C.**

        By:      *Ross H. Schmierer, Esq.*
                Ross H. Schmierer, Esq.
                3000 Atrium Way, Suite 200
                Mount Laurel, New Jersey 08054
                (732) 588-8688
                ross@kazlg.com

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 27, 2022

By:     <u>*s/ Ross H. Schmierer*</u>
        Ross H. Schmierer, Esq.
        3000 Atrium Way, Suite 200
        Mount Laurel, New Jersey 08054
        (T): (856) 259-4800
        ross@kazlg.com
        *Attorneys for Plaintiff*